IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| M.J., a minor by and through his parents, MAUREEN and PATRICK J. | : | CIVIL ACTION |
| v. | : | |
| TREDYFFRIN EASTTOWN SCHOOL DISTRICT | : | NO. 13-2012 |

**MEMORANDUM OPINION**

Savage, J.                                                                 September 26, 2013

In this appeal under the Individuals with Disabilities Education Act ("IDEA") challenging the decision of a Pennsylvania Special Education Hearing Officer, the plaintiffs, the student's parents, have moved to introduce additional evidence pursuant to 20 U.S.C. § 1415(e)(2)(B)(ii).[1]  Specifically, the parents proffer expert interpretation of documents from the child's previous school district via affidavit, documentation, or testimony, and a yet-to-be created special education program at the student's new public school district.  Opposing the motion, the Tredyffrin Easttown School District (the "District") contends that the testimony of another expert is repetitive and cumulative because the parents already presented expert interpretation of the same documents at the administrative hearing.  The District also asserts that introduction of an individualized education plan ("IEP") for the 2013-2014 school year that does not yet exist would be prejudicial to the District.

---

[1] Plaintiffs cite an incorrect, earlier provision of the IDEA, which was in effect until 1998. The correct provision pertaining to introduction of additional evidence is § 1415(i)(2)(C)(ii) (2005).

## Facts[2]

According to the complaint, M.J. is an eleven-year old minor who suffers from autism, anxiety and apraxia. He is functionally nonverbal and severely challenged in communication, social, functional and behavioral skills. From infancy through 2010, M.J. received specialized autism-based special education programming at Wallenpaupak School District ("WSD"). His needs, progress and achievement were documented in formal educational records spanning 2007 through 2010. In 2010, at the age of nine, M.J. transferred to the District. According to the parents, the District developed an IEP for M.J. that placed him in a general non-verbal signing program above his functional level. In September 2010, the parents arranged for an independent school neuropsychologist with a background in special education in the public schools, Maria DiDonato, to observe M.J. in the classroom. DiDonato concluded that M.J.'s program was not appropriate. The parents contend that the District did not consider her report.

During the 2011-2012 school year, the same IEP continued in place, with minor tweaks to the goals. The parents hired an autism education expert, Anne Weller, to observe M.J. in the classroom for the purpose of making recommendations to the District. Weller concluded that M.J. was in need of a highly intensive program implementing proven practices in autism education. She also observed that his current academic programming was too high level and inappropriate for him. The parents

---

[2] We recite the facts as alleged by the parents in their complaint, accepting them as true at this stage.

2

shared Weller's observation report and opinion with the District. According to the parents, the District once again did not consider the report or opinion.

As a result, in January 2012, the District proposed "essentially the same" IEP. The parents disapproved the IEP. They filed a due process complaint asserting a denial of the substantive right to a free appropriate public education and requesting compensatory education. A due process hearing was conducted over fifteen sessions from August through December 2012. The evidence included: M.J.'s documentary history from WSD establishing his profile and level of functioning when he arrived at the District; the several IEPs developed by the District; the parents' experts' observation reports; expert testimony; and the parents' testimony. The Hearing Officer found in favor of the District and denied compensatory education.[3]

Subsequent to the Hearing Officer's decision, the parents moved from the District to another school district.

## Legal Standard

The IDEA provides that district courts "shall hear additional evidence at the request of a party." 20 U.S.C. § 1415(i)(2)(C)(ii) (2005). Despite the mandatory language of the statute, the trial court has discretion to admit or exclude additional evidence. *Susan N. v. Wilson Sch. Dist.*, 70 F.3d 751, 760 (3d Cir. 1995) (citing *Carlisle Area Sch. v. Scott P.*, 62 F.3d 520, 527 (3d Cir. 1995); *Bernardsville Bd. of Educ. v. J.H.*, 42 F.3d 149, 161 (3d Cir. 1994); *Oberti v. Bd. of Educ.*, 995 F.2d 1204, 1219 (3d Cir. 1993); *Town of Burlington v. Dep't of Educ.*, 736 F.2d 773, 791–92 (1st Cir. 1984)).

---

[3] According to the parents, the Hearing Officer substantially dismissed all of M.J.'s previous school records from evidentiary consideration and dismissed the parents' expert's opinion. The Hearing Officer's decision, however, explicitly considers the WSD progress reports. Op. at 3. The Hearing Officer also considered the DiDonato and Weller reports, as well as Weller's testimony. *See, e.g.* Op. at 21, 24.

Generally, the court may exclude evidence that is cumulative or an improper embellishment of testimony presented at the administrative hearing. *Bernardsville Bd. of Educ.*, 42 F.3d at 161 (citations omitted). There is no bright-line rule that excludes additional testimony of those who did or could have testified at the original administrative hearing. *Susan N.*, 70 F.3d at 759–760. Instead, the district court "must exercise particularized discretion" in considering whether the evidence, including evidence of events that occur subsequent to the administrative hearings, is relevant, non-cumulative and useful. *Id.* at 760 (citation omitted).

The dispositive inquiry is whether the proffered evidence would assist the court in determining whether the child has access to a program that is tailored to his needs and designed to achieve educational progress. *Id.* The analysis must be particular to the circumstances of the case. *See Antoine M. v. Chester Upland Sch. Dist.*, 420 F. Supp. 2d 396, 402 (E.D. Pa. 2006) (citations omitted); *Robert B. v. West Chester Area Sch. Dist.*, 2005 WL 2396968, at *9-10 (E.D. Pa. 2005) (proffered testimony excluded because repetitive of earlier testimony and offered no additional insight into the "reasonableness of the school district's original decision") (quoting *Susan N.*, 70 F.3d at 762); *Alex K. v. Wissahickon Sch. Dist.*, 2004 WL 286871, at *7 (E.D. Pa. Feb. 12, 2004) (witnesses excluded because repetitive of administrative hearing testimony and testimony would not assist in determining whether school district met its legal obligations).

## Analysis

### *Records Evidence*

The parents argue that expert testimony is needed "to aid in interpretation" of M.J.'s WSD records because they contain "specialized information, programmatic coding, and terms of art inaccessible to the lay tribunal without interpretation."[4] They claim this evidence was not offered at the hearing because the hearing officers are familiar with commonly used special education documentation and terms of art. They proffer the evidence now "solely to make the information accessible to the Court."[5] There is no claim that the parents intend to introduce additional expert opinion bearing on the appropriateness of the education program.

At the administrative hearing, Anne Weller, an expert in autism spectrum and special education, testified about her observation of M.J. in the classroom. She also reviewed and considered M.J.'s evaluation and progress reports, his IEPs, DiDonato's observation and follow-up reports, a toileting log, daily logs documenting M.J.'s performance and a communication log.[6] Based upon observations and review of the records, Weller opined on the appropriateness of the IEP.[7]

The District argues that the parents now seek a "second bite of the apple" by introducing DiDonato's opinion in the form of an interpretation of the same documents

---

[4] Pls.' Mot. at 6.

[5] *Id.* at 7.

[6] Hr'g Tr. at 369:22-286:19, Sept. 4, 2012.

[7] The District objected to Weller's testimony regarding the appropriateness of the IEP, contending it was beyond the scope of her report. The Hearing Officer overruled the objection. Hr.'g Tr. 387:7-393:4, Sept. 4, 2012.

that were presented at the administrative hearing. In other words, the District perceives the parents' motion as an attempt to introduce another expert opinion in the guise of a need to interpret records.

The parents have already introduced Weller as an educational expert at the administrative level. Weller considered the WSD records and DiDonato's reports in forming her opinions. DiDonato's reports were and are part of the administrative record.[8]

Testimony from DiDonato would be duplicative, cumulative, and an embellishment of the evidence at the administrative hearings. Moreover, her testimony would only offer "a commentary, prepared with the benefit of hindsight, regarding the evidence and testimony already presented to the state agency." *D.K. v. Abington Sch. Dist.*, 696 F.3d 233, 253 (3d Cir. 2012). Therefore, we shall accept DiDonnato's proffered report for the sole purpose of interpreting the records, if we find it necessary; but we shall not consider her opinions, if any, on the adequacy and appropriateness of the IEPs.

*New Public School Documentation*

The parents also seek to introduce a yet undeveloped IEP from M.J.'s new school district, Bergen County Region III District ("BCR"). They advise that BCR "is developing a program and placement for the student."[9] The parents seek to "proffer

---

[8] *See* P-3, P-4.

[9] Pls.' Mot. at 7 and Ex. B.

6

program documentation from [BCR] *when and if it becomes available, with supporting testimony as necessary.*"[10]

The District opposes this unknown evidence, contending it would be highly prejudicial. If it were admitted, the District would have had no opportunity to conduct discovery into the preparation of the new IEP and to present testimony to defend against it.

The Third Circuit has not precluded after-acquired evidence in an IDEA case. It held:

> it was not within [the trial] court's discretion to reject appellants' offer of additional evidence without even evaluating it for its admissibility. However, we also note that, because at least some of appellants' proffered additional evidence was acquired after the school district's decision regarding M.'s need for special education, *the district court will need to examine such evidence carefully*. Such evidence may be considered only with respect to the *reasonableness* of the district's decision at the time it was made. Of course, this caveat does not mean that the court cannot exclude evidence that could have been available when the school district made its decision.

*Susan N.*, 70 F.3d at 762 (first emphasis added).

The parents proffer an IEP from BCR "when and if it becomes available." We cannot evaluate and examine non-existent evidence. *Susan N.*, 70 F.3d at 759, 762 ("a district court first must evaluate a party's proffered evidence before deciding to exclude it"). Furthermore, we fail to see how a program and plan developed after the period of compensatory education passed can inform our decision in determining whether the District's plan was adequate and appropriate at the time it was developed and implemented. We must measure the adequacy of the District's program at the time the

---

[10] Pls'. Mot. at 7 (emphasis added).

7

child was enrolled in it. The child's needs and progress may have changed. Therefore, because the District will suffer prejudice if the non-existent IEP is permitted, and we cannot examine and evaluate a non-existent plan, we shall deny the request to admit it in the future.